THE STATE v. J. M. SPILLERS.
THE STATE v. STEPHEN CANTRALL.
THE STATE v. WM. WEATHERSPOON.
THE STATE v. W. R. HERRON.
THE STATE v. CHARLES JOHNSTON.

The act of 25th February, 1863, which was re-enacted 7th December, 1863, reads as follows: "From and after the passage of this act, all laws and parts of laws providing for the estraying of stock, and prescribing the course of proceedings in the same, and of selling stock heretofore estrayed, shall be, in all things, suspended for and during the existence of the present war, and until six months after peace shall be concluded, with the exceptions hereinafter mentioned." This suspended the estray laws; consequently, on the 10th August, 1864, to take up and use an estray was not an offense. (Paschal's Dig., Arts. 3700–3702.)

APPEAL from Dallas. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The indictment charged that J. M. Spillers, &c., without complying with the laws regulating estrays, did take up and use one horse, &c., which said horse was then and there an estray. The defendant moved to quash the indictment, because at the time he is charged with having violated the estray law there was no estray law to violate, the same having been suspended by the legislature of the state by an act approved 25th of February, 1863; also an act approved 7th December, 1863. (Paschal's Dig., Arts. 3700–3702.) The court sustained the motion, and the state appealed.

The indictments in these cases were all for offenses between the 25th of February, 1863, and before the 25th of May, 1865, which was during the time when the estray laws were suspended. The question was, whether articles 3700 and 3702 of Paschal's Digest suspended article 2441 of the same. It had been decided in the estray cases, 28 Tex., 632, that the criminal law was not suspended; but it is probable that these cases had not been called to the

attention of the court; but had they been, doubtless they would have been overruled.

*William Alexander, Attorney General*, for the state.—For the law on this subject see O. & W. Digest, p. 556, ch. XIII.

Chapter XIII of the code is not affected in any way by the pretended law (Gen. Laws, ex. sess. of so-called 9th Leg., p. 6) relied on by the appellee. That pretended law is unconstitutional, because made within our national limits, against the authority and without the consent of the National Government, by "public enemies," during the existence of a yet continuing state of war.

Cases 3026, 3028, and 3031, also the similar cases submitted on October 31, are submitted with this case.

No briefs for the appellees have been furnished to the *Reporter*.

LINDSAY, J.—The court did not err in sustaining the exceptions to the indictment. The estray laws were certainly suspended at the time of the alleged commission of the offense against them, as charged in the indictment. The judgment is

                                        AFFIRMED.*

------

* As the opinions in all these cases were in similar language, the *Reporter* deems it sufficient to print one of them only.